1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA

9

10   ROBERTO LEVERON,                          Case No. 2:23-cv-04914-RGK (MAR)

11                          Plaintiff,          MEMORANDUM AND ORDER
                                                DISMISSING CASE
12          v.

13   W. Z. JENKINS ET AL,

14                          Defendant.

15

16                                    **I.**

17                           __**INTRODUCTION**__

18          On June 3, 2023, Roberto Leveron ("Plaintiff"), proceeding pro se and in

19   forma pauperis ("IFP"), constructively filed[1] a Civil Rights Complaint ("Complaint")

20   pursuant to 42 U.S.C. § 1983.  ECF Docket No. ("Dkt.") 1.[2]  On August 28, 2023,

21   the Court issued an Order Dismissing the Complaint with Leave to Amend

22   ("ODLA"), granting Plaintiff thirty (30) days to file a First Amended Complaint

23   ("FAC").  Dkt. 12.  On October 12, 2023 and November 14, 2023, the Court issued

24   Orders to Show Cause ("OSC") why the Complaint should not be dismissed for lack

25

26   ───────────────
     [1] Under the "mailbox rule", when a pro se prisoner gives prison authorities a pleading to mail to the
27   court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v.
     Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

28
     [2] All citations to electronically filed documents refer to the CM/ECF pagination.

of prosecution.  Dkts. 13, 14.  To date, Plaintiff has failed to comply with the Court's Orders.

For the reasons below, the Court **DISMISSES** this action, without prejudice.

## II.

## BACKGROUND

On June 3, 2023, Plaintiff constructively filed the instant Complaint.  Dkt. 1.  August 28, 2023, the Court issued an ODLA, granting Plaintiff until September 27, 2023 to file a FAC.  Dkt. 12.

On October 12, 2023, this Court issued an OSC, ordering Plaintiff to show by November 3, 2023 why this action should not be dismissed for failure to prosecute.  Dkt. 13.  Plaintiff was warned that "**[f]ailure to respond to the Court's Order will result in the dismissal of the action**."  Id. (emphasis in original).

On November 14, 2023, this Court issued a second OSC ordering Plaintiff to respond to the Court's previous Orders.  Dkt. 14.  Plaintiff was warned that he "must comply . . . **by November 27, 2023**, or this action **will** be dismissed for failure to prosecute."  Id. (emphasis in original).  Plaintiff has not corresponded with the Court at all since August 3, 2023.  Dkt. 10.

## III.

## DISCUSSION

## A.  APPLICABLE LAW

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"[The Ninth Circuit] 'may affirm dismissal where at least four factors support dismissal . . . or where at least three factors "strongly" support dismissal.'"  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

**B.   ANALYSIS**

### 1.   The public's interest in expeditious resolution of litigation

In the instant action, the public's interest in expeditious resolution of litigation weighs in favor of dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal."  (quoting Yourish, above) (internal quotation omitted)).  Plaintiff has not filed a FAC in compliance with the Court's August 28, 2023 ODLA or otherwise responded to the Court's OSCs.  In fact, Plaintiff has not corresponded with the Court at all since August 3, 2023.  Dkt. 10.  Given that Plaintiff has failed to interact with the Court for over four (4) months, this factor weighs in favor of dismissal.  See id.; see also Pagtalunan, 291 F.3d at 642 (finding that the plaintiff's failure to pursue the case for almost four (4) months weighed in favor of dismissal).

### 2.   The Court's need to manage its docket

The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal.  Courts have "the power to manage their dockets without being

3

1   subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.2d at

2   1261.  As such, the second factor looks to whether a particular case has "consumed

3   . . . time that could have been devoted to other cases on the [Court's] docket."  See

4   Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th

5   Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's

6   docket.").

7   　　　On August 28, 2023, the Court issued an ODLA ordering Plaintiff to file a

8   FAC by September 18, 2023.  Dkt. 12 at 1, 17.  The ODLA cautioned Plaintiff that

9   failure to timely file a response to the ODLA "**will result**" in the dismissal of the

10  Complaint for failure to prosecute.  Id. at 18.

11  　　　On October 12, 2023, this Court issued an OSC giving Plaintiff until

12  November 3, 2023, to show why this action should not be dismissed for failure to

13  prosecute.  Dkt. 13.  Plaintiff was again warned that, "**[f]ailure to respond to the**

14  **Court's Order will result in the dismissal of the action**."  Id. (emphasis added).

15  　　　On November 14, 2023, the Court issued a Second OSC, ordering him to

16  comply within fourteen (14) days.  Dkt. 14.  The Court again warned that failure to

17  respond "**will**" result in the dismissal of the action.  Id.

18  　　　Plaintiff has failed to comply with any of the Court's Orders, all of which

19  warned Plaintiff that his failure to comply could or would result in the recommended

20  dismissal of the Complaint.  See Dkts. 12, 13, 14.  Plaintiff's failure to prosecute and

21  follow Court Orders hinders the Court's ability to move this case toward disposition

22  and suggests Plaintiff does not intend to or cannot litigate this action diligently.

23  Consequently, the Court's need to manage its docket favors dismissal here.

24  　　　**3.**　　　**The risk of prejudice to Defendant**

25  　　　The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal.

26  A rebuttable presumption of prejudice to defendant arises when plaintiffs

27  unreasonably delay prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452–53

28

4

1   (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify

2   dismissal . . . [t]he law presumes injury from unreasonable delay.").

3         Nothing suggests such a presumption is unwarranted in this case.  Plaintiff has

4   not provided any reason for his failure to comply with either the Court's ODLA or

5   OSCs and for his failure to communicate with the Court since August 3, 2023.  Given

6   the length of the delay, the Court finds Plaintiff's delay in prosecuting this case to be

7   unreasonable.  Thus, prejudice is presumed and weighs in favor of dismissal.  See, e.g.,

8   In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir.

9   2006) ("The law . . . presumes prejudice from unreasonable delay.").

10         **4.   Public policy favoring disposition on the merits**

11         The fourth factor—public policy in favor of deciding cases on the merits—

12   ordinarily weighs against dismissal.  See In re Phenylpropanolamine (PPA) Prod. Liab.

13   Litig., 460 F.3d at 1228.  Here, as it usually does, the fourth factor weighs against

14   dismissal.  It is, however, Plaintiff's responsibility to move towards disposition at a

15   reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley,

16   942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility

17   despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in

18   which to discharge them; and (3) warned of the consequences of failure to do so.  See

19   Dkts. 12, 13, 14.  Under these circumstances, and without any other information from

20   Plaintiff, the policy favoring resolution of disputes on the merits does not outweigh

21   Plaintiff's failure to obey Court Orders or to file responsive documents within the

22   time granted.

23         **5.   Availability of less drastic alternatives**

24         The fifth factor—availability of less drastic sanctions—also weighs in favor of

25   dismissal.  A "district court need not exhaust every sanction short of dismissal before

26   finally dismissing a case, but must explore possible and meaningful alternatives."

27   Henderson, 779 F.2d at 1424.  Less drastic alternatives to dismissal include warning a

28   party that dismissal could result from failure to obey a court order.  See Malone v.

1   United States Postal Service, 833 F.2d 128, 132 n.1 (9th Cir. 1987).  Further, "a district

2   court's warning to a party that his [or her] failure to obey the court's order will result

3   in dismissal can satisfy the 'consideration of alternatives' requirement."  Ferdik, 963

4   F.2d at 1262 (citations omitted).

5        Here, the Court cannot move the case toward disposition without Plaintiff's

6   compliance with Court Orders or participation in this litigation.  Plaintiff has shown

7   he is either unwilling or unable to comply with Court Orders by filing responsive

8   documents or otherwise cooperating in prosecuting this action.  Given this record, the

9   Court finds that any less drastic alternatives to dismissal would be inadequate to

10  remedy Plaintiff's failures to obey Court Orders and to prosecute.

11       **6.    Summary**

12       Finally, while dismissal should not be entered unless Plaintiff has been notified

13  dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519,

14  1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential dismissal in

15  the August 28, 2023 ODLA and in two (2) separate OSCs.  See Dkts. 12, 13, 14.

16       As discussed above, four (4) of the Rule 41(b) factors weigh in favor of

17  dismissal.  Accordingly, this action is subject to dismissal.

18                        **IV.**

19                       **ORDER**

20       **IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED**

21  without prejudice.

22  Dated:  December 7, 2023

23

24  _____

    HONORABLE R. GARY KLAUSNER
    United States District Judge

25

26  Presented by:

27  _____

    MARGO A. ROCCONI

28  United States Magistrate Judge

                        6